IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40601
Conference Calendar

_____

IMAM ISA-AL-MASIH, also
known as Jarvis Clayton,

                                    Plaintiff-Appellant,

versus

WILLIAM WAYNE JUSTICE, U.S. District
Judge, United States District Court,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-186
- - - - - - - - - -
December 9, 1997

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Imam Isa-Al-Masih, Texas prisoner #646468, appeals the
district court's dismissal of his lawsuit against District Court
Judge Justice filed pursuant to the Religious Freedom Restoration
Act of 1993, 107 Stat. 1488, (former 42 U.S.C. § 2000bb et seq.)
("RFRA").  Isa-Al-Masih sued Judge Justice because Judge Justice
dismissed Isa-Al-Masih's previous RFRA lawsuit for failure to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

exhaust administrative remedies.  The district court dismissed the instant lawsuit as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Judges are entitled to absolute immunity from liability for damages for acts performed in their judicial capacities.  Dennis v. Sparks, 449 U.S. 24, 27 (1980).  This immunity is afforded to judges in civil suits filed by dissatisfied litigants.  See Dennis, 449 U.S. at 31.  The Supreme Court has held that RFRA is an unconstitutional exercise of Congress' authority under the Constitution.  See City of Boerne v. Flores, 117 S. Ct. 2157, 2172 (1997) ("RFRA contradicts vital principles necessary to maintain separation of powers and the federal balance.").

Isa-Al-Masih's appeal is without arguable merit, is frivolous, and is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

This is not the first complaint or appeal filed by Isa-Al-Masih that has been dismissed as frivolous.  See Clayton v. Scott, No. 97-40483 (5th Cir. Jul. 31, 1997); see Imam-Isa al-Masih v. Justice, No. 6:97-CV-186 (E.D. Tex. Apr. 22, 1997) (district court dismissed complaint as frivolous and for failure to state a claim).  A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this suit and this appeal, Isa-Al-Masih has three "strikes."  See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Isa-Al-Masih from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

Furthermore, this court has previously warned Isa-Al-Masih of the possibility of sanctions for filing frivolous lawsuits. Accordingly, Isa-Al-Masih is barred from filing any pro se, in forma pauperis, civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to Isa-Al-Masih, unfiled, any attempted submission inconsistent with this bar.

Isa-Al-Masih's motions for injunction and for injunction pending appeal are DENIED.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR ORDERED; SANCTIONS IMPOSED; MOTIONS DENIED.